IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02703-NYW-NRN

ALISHAN YAPOUJIAN,

Plaintiff,

v.

JOHN DOE,
JOHN DOE,
JOHN DOE,
WANNA DELANEY,
TYNSHA HOUSTON,

Defendants.

---

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
(ECF 41)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This 42 U.S.C. § 1983 prisoner civil rights case is before the Court pursuant to an Order, ECF No. 49, issued by Judge Nina Y. Wang referring Defendant Wanna Delancey's[1] Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss"), ECF No. 41. Plaintiff Alishan Yapoujian filed a response. ECF No. 43. Ms. Delancey filed a reply. ECF No. 51. The Court heard argument on July 16, 2024. *See* ECF No. 57. Now, being fully informed and for the reasons discussed below, the Court **RECOMMENDS** that the Motion to Dismiss be **GRANTED**.

---

[1] The Court will refer to Ms. Delancey by her correct name rather than the name reflected in the caption ("Delaney").

## I. BACKGROUND

Mr. Yapoujian is incarcerated at the Centennial Correctional Facility in Cañon City, Colorado. In his Amended Prisoner Complaint, ECF No. 17, Mr. Yapoujian asserted claims against seventeen employees of the Colorado Department of Corrections ("CDOC"). Judge Lewis T. Babcock dismissed all claims except Claim One for an alleged violation of the Eighth Amendment—based on being deliberately indifferent to a substantial risk of suicide—against Defendants Nurse Delancey, Nurse Houston, Lieutenant John Doe, Security Sergeant John Doe, Security Correctional Officer John Doe 1, and Security Correctional Officer John Doe 2 in their individual capacities.[2] *See* ECF No. 23.

The crux of Mr. Yapoujian's remaining claim is that on December 29, 2022, while being taken to a segregation unit during a prison drug dealing investigation, Ms. Delancey performed an "anatomical"[3] on him. ECF No. 17 ¶ 15. During the procedure, Mr. Yapoujian informed Ms. Delancey that he "was feeling extremely anxious, fearful, and overwhelmed and needed his medication." *Id.* ¶ 16(A). Although Ms. Delancey seemed unconcerned, she informed Mr. Yapoujian that she would bring back his medication, which she did about fifteen minutes later. *Id.* ¶¶ 16(B), 17. She did not ask Mr. Yapoujian about his history of mental illness, which is reflected in CDOC records. *Id.* ¶¶ 20, 22. The next morning, Mr. Yapoujian attempted suicide by puncturing his arm with scissors he had obtained the day before. *Id.* ¶ 42.

---

[2] Ms. Delancey is the only defendant who has been served. The Court granted Plaintiff leave to obtain discovery from the CDOC regarding the identities of the John Doe Defendants. *See* ECF No. 57.
[3] According to Mr. Yapoujuan, an "anatomical" is a screening procedure performed prior to an inmate's placement in segregation.

2

Ms. Delancey now moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) because she argues that (1) Mr. Yapoujian fails to state an Eighth Amendment "deliberate indifference" claim, and (2) Ms. Delancey is entitled to qualified immunity. *See generally* ECF 41.

## II. LEGAL STANDARDS

### a. Pro Se Plaintiff

Mr. Yapoujian proceeds pro se. Accordingly, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (the court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**b. Rule 12(b)(6)**

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1108. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations that are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such a claim survives the motion to dismiss. *Id.* at 679.

However, the Court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir.

1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

### III. ANALYSIS

#### a. Deliberate Indifference

42 U.S.C. § 1983 allows an injured person to seek damages for the violation of his or her federal rights against a person acting under color of state law. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual who is incarcerated is not stripped of their constitutional rights. *See Turner v. Safley*, 482 U.S. 78, 84 (1987) ("Prison walls do not form a barrier separating prison inmates from the protections of the Constitution."). Rather, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). The Eighth Amendment prohibits "unnecessary and wanton infliction of pain," including "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Prison officials may be liable for an Eighth Amendment violation for "indifference . . . manifested . . . in their response to the prisoner's needs or by . . . intentionally denying

5

or delaying access to medical care or intentionally interfering with treatment once prescribed." *Estate of Booker v. Gomez*, 745 F.3d 405, 429 (10th Cir. 2014).

The "deliberate indifference" test has an objective and subjective component: (1) the harm suffered must be sufficiently serious; and (2) the prison official must know of and disregard an excessive risk to inmate health or safety. *DuBois v. Payne Cnty. Bd. of Cnty. Comm'rs*, 543 F. App'x 841, 846 (10th Cir. 2013). "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Al-Turki v. Robinson*, 762 F.3d 1188, 1192–93 (10th Cir. 2014) (internal quotation marks omitted). In the context of liability for prison suicide, "the risk of, or potential for, suicide involves a sufficiently serious medical need and/or harm such that the objective prong . . . is met." *DuBois*, 543 F. App'x at 846; *see also Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006) ("[I]t goes without saying that suicide is a serious harm."). The subjective component requires the defendant to have knowledge that the specific inmate in question presented a substantial risk of suicide. *Cox v. Glanz*, 800 F.3d 1231, 1250 (10th Cir. 2015). Thus, the main inquiry on Motion to Dismiss is whether Mr. Yapoujian adequately alleges facts to support the subjective prong as to Ms. Delancey's mental state.

Mr. Yapoujian alleges that Ms. Delancey, as a registered nurse, was generally aware of the danger of suicide, that she was essentially on constructive notice that he "may be" suicidal, and she was deliberately indifferent to this risk by failing to "conduct an adequate examination" or "inquire into the possibility that [Mr. Yapoujian] may be suicidal." ECF 17 ¶¶ 19–22. However, constructive notice is plainly insufficient. Instead,

6

to succeed on a prison suicide deliberate indifference claim, the Tenth Circuit has long-required *actual* knowledge of the *specific* risk that the prisoner would attempt or commit suicide. *See Estate of Hocker v. Walsh*, 22 F.3d 995, 1000 (10th Cir. 1994); *Cox*, 800 F.3d at 1249–50. Mr. Yapoujian does not claim that he informed Ms. Delancey he was a "specific risk of suicide" during the anatomical; he merely alleges that he told her he was "extremely anxious, fearful, and overwhelmed" and needed his medication, which she subsequently provided. This is in contrast with his allegations regarding the John Doe Defendants, to whom Mr. Yapoujian allegedly informed that he was "feeling suicidal and would like to speak to mental health," but who ignored his entreaties. *See* ECF No. 17 ¶¶ 24, 36.

Moreover, while Mr. Yapoujian claims that CDOC records reflect his struggles with bipolar disorder, post-traumatic stress disorder, anxiety, and suicidal ideation, he does not allege that Ms. Delancey had access to or any knowledge of these records. Mr. Yapoujian similarly asserts that Ms. Delancey should have been aware of his suicide risk because of the medications he was prescribed. This is nonsensical. Ms. Delancey provided Mr. Yapoujian with the psychiatric medication he requested, which logically would reduce any risk of suicide. It further demonstrates that Ms. Delancey did not, as Mr. Yapoujian claims in his response, "fail[] to take action disregarding [sic] the plaintiff's obvious and immediate need for psychiatric or medical attention." ECF No. 43 ¶ 7. In any case, "[a] prison official does not act recklessly or with deliberate indifference by failing to act to avert the suicide of a detainee who displays no outward indicators of suicidal ideation." *Est. of Vallina v. Cnty. of Teller Sheriff's Off.*, 757 F. App'x 643, 647 (10th Cir. 2018) (citation omitted). Mr. Yapoujian informed Ms. Delancey that he was

7

anxious, fearful, overwhelmed—not suicidal—and in response, she provided him with the medication he requested. Even construing the Amended Complaint liberally, Mr. Yapoujian does not allege that Ms. Delancey had subjective knowledge that he was a substantial risk of suicide. Accordingly, his Eighth Amendment claim against her should be dismissed.

### b. Qualified Immunity

The doctrine of qualified immunity protects government officials from individual liability in the course of performing their duties so long as their conduct does not violate clearly established constitutional or statutory rights. *Washington v. Unified Gov't of Wyandotte Cnty.*, 847 F.3d 1192, 1197 (10th Cir. 2017). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Once a defendant has asserted a defense of qualified immunity, the burden shifts to the plaintiff who must establish that (1) the defendant violated a right, and (2) the right was clearly established. *Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015). Because Mr. Yapoujian has not adequately pled the subjective prong of an Eighth Amendment deliberate indifference claim, Ms. Delancey is entitled to qualified immunity.

## IV. CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that the Defendant's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 41, be **GRANTED.**

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996).

Dated at Denver, Colorado this 29th day of August, 2024

 /s/ N. Reid Neureiter
 N. Reid Neureiter
 United States Magistrate Judge