**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 23-cv-02703-NYW-NRN

ALISHAN YAPOUJIAN,

    Plaintiff,

v.

JOHN DOE,
JOHN DOE,
JOHN DOE,
WANNA DELANCEY, and
TYNSHA HOUSTON,[1]

    Defendants.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on the Report and Recommendation on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (the "Recommendation") issued by the Honorable N. Reid Neureiter on August 29, 2024. [Doc. 58]. Judge Neureiter recommends that the Motion to Dismiss Plaintiff's Amended Complaint (the "Motion" or "Motion to Dismiss"), [Doc. 41], be granted, *see* [Doc. 58 at 8]. Plaintiff Alishan Yapoujian ("Plaintiff" or "Mr. Yapoujian") has objected to the Recommendation, [Doc. 59], and Defendant Wanna Delancey ("Defendant" or "Ms. Delancey") has responded, [Doc. 66]. For the reasons set forth in this Order, Plaintiff's objections are respectfully **OVERRULED** and the Recommendation is **ADOPTED**.

---

[1] Although Plaintiff identifies this defendant as "Tynsha" Houston, the Colorado Department of Corrections indicates that her name is "Tyrysha" Houston and that she was not an employee of CDOC, but provided contractual clinical services. [Doc. 28 at 1].

## LEGAL STANDARDS

**I.      Rule 72(b)**

A district court may refer a dispositive motion to a magistrate judge for recommendation.  28 U.S.C. § 636(b)(1)(B).  The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.* at 1059 (quotation omitted).

**II.     Rule 12(b)(6)**

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quotation omitted).  The plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

### III. Pro Se Filings

Because Mr. Yapoujian proceeds pro se, the Court affords his filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## BACKGROUND

The background of this case is set forth in Judge Neureiter's Recommendation, *see* [Doc. 58 at 2–3], and the Court repeats it here only as necessary to resolve Plaintiff's objections. Mr. Yapoujian was previously incarcerated in the Colorado Department of Corrections ("CDOC"). [Doc. 17 at 2; Doc. 17-1 at 1].[2] Plaintiff has struggled with "significant mental illness" and has been diagnosed with bipolar disorder, depression, post-traumatic stress disorder, anxiety, and suicidal ideation. [Doc. 17 at ¶ 22]. Plaintiff's mental health conditions are "well documented by the CDOC," as he was "prescribed numerous mental health therapies and pharmaceutical treatments" throughout his incarceration, including "high level anti- depressants [that] are only prescribed to those deemed by certified medical professionals to suffer from significant mental illness and serious functional impairments. [*Id.* at ¶¶ 22(A), 22(C)].[3]

---

[2] On April 22, 2024, Plaintiff filed a Notice of Change of Address or Telephone Number representing that he now resides at a private address. [Doc. 38 at 1].

[3] Consistent with the principle of construing a pro se litigant's filings liberally, the court quotes from Mr. Yapoujian's filings without the use of [sic] or the correction of spelling or syntax.

3

While incarcerated, Plaintiff was taken to a segregation unit where Ms. Delancey performed an "anatomical"—i.e., a "screening procedure used by the C.D.O.C." that "includes a mental health screening"—on him. [*Id.* at ¶¶ 15–16]. Mr. Yapoujian informed Ms. Delancey that he was "feeling extremely anxious, fearful, and overwhelmed" and that he "needed his medication." [*Id.* at ¶ 16(A)]. Ms. Delancey delivered Mr. Yapoujian's medication to him and left the unit "with no further inquiries into the Plaintiff's voiced mental health concerns," despite the fact that Plaintiff's mental health conditions are "well documented by the CDOC." [*Id.* at ¶¶ 18, 22]. The next morning, Mr. Yapoujian attempted suicide. [*Id.* at ¶ 42].

Mr. Yapoujian's single remaining claim in this case is an Eighth Amendment deliberate indifference claim. *See* [Doc. 23 at 3]. On April 29, 2024, Ms. Delancey moved to dismiss this claim to the extent it is asserted against her, arguing that Plaintiff fails to state a claim under Rule 12(b)(6) and, as a result, she is entitled to qualified immunity as to this claim. [Doc. 41 at 2]. Judge Neureiter recommends that this Court grant the Motion to Dismiss, [Doc. 58 at 1], and Plaintiff objects to that recommendation, [Doc. 59]. On October 24, 2024, Ms. Delancey responded to Plaintiff's objections. [Doc. 66].

## ANALYSIS

"[C]laims based on a jail suicide are considered and treated as claims based on the failure of jail officials to provide medical care for those in their custody." *Barrie v. Grand Cnty.*, 119 F.3d 862, 866 (10th Cir. 1997); *see also Bowles v. Filsinger*, No. 18-cv-02917-CMA-MEH, 2020 WL 70423, at *4 (D. Colo. Jan. 7, 2020) (applying this standard to claim based on inmate's suicide attempt).

4

"A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).  An Eighth Amendment deliberate indifference claim has both an objective and a subjective component.  *Cox v. Glanz*, 800 F.3d 1231, 1240 n.3 (10th Cir. 2015).  The objective component requires the plaintiff to allege objective facts establishing that demonstrate that the constitutional deprivation was "sufficiently serious."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted).  Courts recognize that the risk of suicide is sufficiently serious to satisfy the objective component.  *See, e.g.*, *Est. of Vallina v. Cnty. of Teller Sheriff's Off.*, 757 F. App'x 643, 646 (10th Cir. 2018); *Washington v. O'Neal*, No. 19-cv-03129-MEH, 2021 WL 103061, at *4 (D. Colo. Jan. 12, 2021).

The subjective component requires a showing that the prison official knew that the inmate faced a substantial risk of harm *and* also that the prison official disregarded that risk.  *Redmond v. Crowther*, 882 F.3d 927, 939–40 (10th Cir. 2018).  In other words, an official cannot be liable for failing to address a risk of which she is unaware, nor can an official be liable if the official takes reasonable steps to alleviate that risk.  *Est. of Burgaz ex rel. Zommer v. Bd. of Cnty. Comm'rs for Jefferson Cnty.*, 30 F.4th 1181, 1186 (10th Cir. 2022).  "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a

5

substantial risk from the very fact that the risk was obvious."  *Mata*, 427 F.3d at 752 (quotation omitted).

Judge Neureiter recommends that the Motion to Dismiss be granted on the basis that Plaintiff does not plausibly allege facts sufficient to establish that Ms. Delancey had subjective knowledge of a risk and disregarded that risk.  [Doc. 58 at 6–7].  Judge Neureiter observes that, while Mr. Yapoujian alleges that Ms. Delancey was generally aware of the danger of suicide, such that she was on constructive notice that Plaintiff may be suicidal, Plaintiff does not allege that he actually told Ms. Delancey that he was suicidal, so as to allege that she had actual notice of his suicidal ideation.  [*Id*.].  In addition, Judge Neureiter notes that Plaintiff does not allege that Ms. Delancey had access to or knowledge of his medical records listing his mental health conditions.  [*Id.* at 7].  Judge Neureiter explains that, under Tenth Circuit precedent, constructive notice of a risk is insufficient to establish the subjective prong of a deliberate indifference claim.  [*Id.* at 6–8].  And in turn, he concludes that because Mr. Yapoujian has not adequately pleaded an Eighth Amendment claim, Ms. Delancey is entitled to qualified immunity with respect to that claim.  [*Id.* at 8].

Plaintiff objects to Judge Neureiter's Recommendation.  First, he takes issue with Judge Neureiter's reliance on the fact that Mr. Yapoujian did not directly tell Ms. Delancey that he was suicidal, arguing that the "[s]ubjective knowledge can be inferred from circumstantial evidence" and that the "law does not require that a plaintiff explicitly state that they are suicidal."  [Doc. 59 at ¶¶ 23, 37].  He argues that, under *Mata v. Saiz*, "a defendant can be found deliberately indifferent where they ignore serious health complaints or fail to respond to a serious medical need even if the plaintiff did not explicitly

6

state the full nature of the risk." [*Id.* at ¶ 45 (citing *Mata*, 427 F.3d at 745)]. According to Plaintiff, his "clear signs of mental distress," symptoms, and request for medication were "a clear indication of a serious mental health issue" that "should have alerted any reasonable medical professional to the possibility of a serious mental health condition." [*Id.* at ¶¶ 21–22, 33, 35, 39].

Plaintiff is correct that subjective knowledge can be demonstrated through circumstantial evidence, *see Mata*, 427 F.3d at 752, and a prison official may be held liable even without subjective knowledge "if the risk was obvious and a reasonable prison official would have noticed it," *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). "Precisely what state of mind is required for individual liability depends on the type of claim a plaintiff brings." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). "In the context of an inmate-suicide case, the subjective component requires the defendant to have 'actual knowledge . . . of an individual inmate's substantial risk of suicide.'" *Carey v. Buitrago*, No. 19-cv-02073-RM-STV, 2020 WL 3620324, at *7 (D. Colo. Mar. 18, 2020) (quoting *Cox*, 800 F.3d at 1249), *report and recommendation adopted*, 2020 WL 1921756 (D. Colo. Apr. 21, 2020). A "mere opportunity for suicide" is insufficient to impose liability. *Id.* (quotation omitted).

In his Amended Complaint, Mr. Yapoujian alleges that Ms. Delancey knew that (1) he was feeling anxious, fearful, and overwhelmed, and that he had asked for his medication; and (2) he was on medication. [Doc. 17 at ¶¶ 16(A), 18]. And although Mr. Yapoujian does not expressly allege that Ms. Delancey knew of his mental health diagnoses, he does allege that these diagnoses were in his CDOC file. [*Id.* at ¶ 22]. Construing Plaintiff's allegations liberally and drawing all reasonable inferences in his

7

favor, the Court will also draw the inference that Ms. Delancey knew that (3) Mr. Yapoujian had been diagnosed with a number of mental health conditions. But even construing Plaintiff's allegations liberally, the Court cannot conclude that these allegations are sufficient to demonstrate that Ms. Delancey had *actual knowledge* of a *substantial risk* that Mr. Yapoujian would attempt suicide or that the risk was so obvious that any reasonable prison official would recognize it.

Mr. Yapoujian's communication to Ms. Delancey that he was feeling anxious, fearful, or overwhelmed does not clearly provide notice that he was suicidal at the time. *Cf. Mittelstaedt v. Cheshire*, No. 1:03-cv-00121-PGC, 2005 WL 2757990, at *6 (D. Utah Oct. 25, 2005) (concluding that an inmate's anxiety did not create an inference that the inmate was suicidal). And although Plaintiff argues that he need not have directly told Ms. Delancey that he was feeling suicidal, the Tenth Circuit has relied on a lack of express communication about suicidality in affirming dismissal of an Eighth Amendment claim. *See Est. of Burgaz*, 30 F.4th at 1188 (granting motion to dismiss where "there were no obvious indicators of suicide present" because there were no allegations that the inmate "expressed suicidality or intentions to harm herself"). Indeed, even *Mata*, the case Plaintiff relies upon to argue that an official "can be found deliberately indifferent regardless of whether the plaintiff explicitly communicated their risk of self-harm," [Doc. 59 at ¶ 44], is distinguishable because in *Mata*, the inmate repeatedly reported her specific ailment (chest pain) to prison officials before she suffered a heart attack, *see Mata*, 427 F.3d at 750.

Moreover, neither Ms. Delancey's knowledge of Plaintiff's prescription medications nor her general knowledge of Plaintiff's mental health conditions are sufficient to assign

8

Ms. Delancey actual notice of an immediate risk that Mr. Yapoujian would attempt suicide (or establish that the risk was sufficiently obvious). Mental health conditions are not per se indicia of suicidality, and Plaintiff's allegations are insufficient to plausibly allege that there was a substantial, immediate risk that he would attempt suicide. *See Est. of Burgaz*, 30 F.4th at 1187–88 (knowledge that inmate had various mental illnesses, had attempted suicide in the past, and was "despondent" "were insufficient indicators to put [the official] on notice of the immediate risk" of suicide); *Bowles*, 2020 WL 70423, at *5 (knowledge that the inmate had anxiety and depression was insufficient to establish that prison official was on notice that the inmate was suicidal). Accordingly, the Court is respectfully unpersuaded by Plaintiff's objection on this point and agrees with Judge Neureiter that his allegations fail to allege facts sufficient to establish Ms. Delancey's knowledge of a substantial risk of harm.

Plaintiff also argues that "[c]ourts have found that a failure to check on a patient after administering treatment can constitute deliberate indifference when it results in harm," relying on *Farmer v. Brennan*. [Doc. 59 at ¶ 14]. The Court construes this as an objection to Judge Neureiter's statement that Ms. Delancey's provision of medication "demonstrates that Ms. Delancey did not, as Mr. Yapoujian claims in his response, 'fail[] to take action disregarding [sic] the plaintiff's obvious and immediate need for psychiatric or medical attention.'" [Doc. 58 at 7 (quoting [Doc. 43 at ¶ 7]) (alterations in original)].

*Farmer* is a failure-to-protect case where the Supreme Court held that an Eighth Amendment deliberate indifference claim requires a subjective showing that the defendant knew of and disregarded a risk to human health or safety. *See* 511 U.S. at 837. It did not concern medical treatment or the "failure to check on a patient after

9

administering treatment," as Plaintiff suggests.  *See* [Doc. 59 at ¶ 14].  The Court could not locate any case in which a court has held that failing to check on an anxious or overwhelmed inmate after administering medication amounts to unconstitutional deliberate indifference.  Courts do recognize, however, that an outright denial of medical treatment or a delay in treatment that causes harm may give rise to an Eighth Amendment claim.  *See, e.g.*, *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006) (recognizing that an Eighth Amendment claim may arise where "a medical professional completely denies care although presented with recognizable symptoms which potentially create a medical emergency"); *Mata*, 427 F.3d at 755 ("A prisoner may satisfy the subjective component by showing that defendants' delay in providing medical treatment caused either unnecessary pain or a worsening of her condition."); *Est. of Taylor v. Denver Health & Hosp. Auth.*, No. 23-cv-02355-CNS-KAS, 2024 WL 3874954, at *13 (D. Colo. Aug. 20, 2024) (denying motion to dismiss on deliberate indifference claim where the doctor's inadequate medical care "amounted to a functional equivalent of a complete denial of care").

But an outright denial of treatment or a harm-causing delay in treatment is not what Plaintiff alleges in his Amended Complaint.  Mr. Yapoujian alleges that he asked Ms. Delancey for medication and that Ms. Delancey gave him his medication fifteen minutes later.  [Doc. 17 at ¶¶ 16(A), 18].  He does not allege that he requested any other medication, treatment, or follow-up from Ms. Delancey and that she denied this treatment, nor does he identify any specific treatment that was delayed.  *See generally* [*id.*].  In essence, Plaintiff alleges that Ms. Delancey should have done *more* by checking up on him after administering his medication.  But an inmate does not have a constitutional right

10

to a particular course of medical treatment, *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006), and a "[d]isagreement about course of treatment or mere negligence in administering treatment do not amount to a constitutional violation," *Strain v. Regalado*, 977 F.3d 984, 987 (10th Cir. 2020).  Plaintiff has not plausibly alleged that Ms. Delancey disregarded a substantial risk of serious harm by not checking on him after giving him his medication.

In sum, the Court agrees with Judge Neureiter that Plaintiff has not stated a plausible Eighth Amendment claim against Defendant.  Accordingly, the Court will **OVERRULE** Plaintiff's objections, **ADOPT** Judge Neureiter's Recommendation, **GRANT** the Motion to Dismiss, and **DISMISS** Plaintiff's claim against Defendant **without prejudice**.  *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) ("[O]rdinarily the dismissal of a pro se claim under Rule 12(b)(6) should be without prejudice.").

## ORDER TO SHOW CAUSE

The remaining Defendants in this case are Tynsha (or Tyrysha) Houston ("Defendant Houston") and unnamed John Doe Defendants ("Doe Defendants").  [Doc. 17 at 4; Doc. 23 at 3].  Defendant Houston has not been served, *see* [Doc. 28 at 1 (explaining that "Tyrysha Houston was not a DOC employee but provided contractual clinical services")], and the Doe Defendants have not been identified by Plaintiff.  Because the case cannot proceed against unidentified and unserved Defendants, this litigation is effectively at a standstill.

***Service Under Rule 4.***  Rule 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that

11

service be made within a specified time." Fed. R. Civ. P. 4(m).  "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id.*  Plaintiff filed his Amended Complaint on February 2, 2024, and thus, his deadline to serve Defendant Houston was May 2, 2024.  *See Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) (noting that the Rule 4(m) deadline will reset on the filing of an amended pleading as to those defendants newly added in the amended pleading).

Plaintiff proceeds *in forma pauperis* and is thus entitled to the assistance of the United States Marshals Service ("USMS") in effectuating service.  *See* 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(2) (the appointment of a United States marshal or other officer to perfect service "must" be made when the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915).  In recognition that Mr. Yapoujian proceeds pro se, this Court **ORDERS** the CDOC to provide the Court with the last known address, if any, for Defendant Houston no later than **November 29, 2024**, filed under Level 3 Restriction.  Should the CDOC not have a last known address for Defendant Houston, it should file a Notice to the Court stating so no later than **November 29, 2024**.

**Unidentified Doe Defendants.**  "[P]ursuant to Fed. R. Civ. P. 10, a caption to a complaint must include the names of all parties."  *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 WL 1597686, at *3 (D. Colo. Apr. 27, 2011), *aff'd*, 456 F. App'x 718 (10th Cir. 2012).  The "Federal Rules of Civil Procedure do not explicitly allow the naming of fictitious or anonymous parties in a lawsuit," and for this reason, "'an action may be dismissed if the defendant is not sufficiently identified to permit service of process.'"  *Id.* (quoting *Stratton v. City of Boston*, 731 F. Supp. 42, 45 (D. Mass. 1989)).

12

Plaintiff has not identified the unnamed Doe Defendants and does not provide any allegations in the Amended Complaint sufficient to identify those Defendants. *See* [Doc. 28 ("Lt. John Doe, Security Sgt John Doe, Security CO 1 and Security CO 2 defendants could not be identified as current [C]DOC employees.")]. The Court recognizes that Plaintiff is pro se and has not had the benefit of discovery in this case, but the case cannot meaningfully proceed unless Plaintiff identifies and serves the unidentified Defendants.

Accordingly, Plaintiff is **ORDERED** to **SHOW CAUSE**, on or before **December 16, 2024**, why his claims against the unidentified Doe Defendants should not be dismissed under Local Rule 41.1 for failure to prosecute and/or failure to comply with the Federal Rules of Civil Procedure. *See* D.C.COLO.LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge . . . may enter an order of dismissal with or without prejudice."). **Plaintiff is advised that if he fails to respond to this Order to Show Cause by the Court's deadline, his claims against the Doe Defendants may be dismissed without prejudice without further notice from the Court.**

## CONCLUSION

For the above reasons, **IT IS ORDERED** that:

(1)   Plaintiff's objections [Doc. 59] are **OVERRULED**;

(2)   The Report and Recommendation on Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 58] is **ADOPTED**;

(3)   Defendant Wanna Delancey's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 41] is **GRANTED**;

(4)  Plaintiff's Eighth Amendment claim against Wanna Delancey is **DISMISSED without prejudice**;

(5)  The Clerk of Court shall send a copy of this Order to the Colorado Department of Corrections' Office of Legal Services;

(6)  On or before **November 29, 2024**, the Colorado Department of Corrections shall **PROVIDE** the Court with the last known address, if any, of Defendant Houston <u>under Level 3 Restriction</u>, or a Notice to the Court indicating that no address is known;

(7)  On or before **December 16, 2024**, Plaintiff shall **SHOW CAUSE** why his claims against the Doe Defendants should not be dismissed without prejudice; and

(8)  A copy of this Order shall be sent to:

>  Alishan Yapoujian
>  2079 N. 75th Street
>  Boulder, CO 80301

DATED:  November 15, 2024

BY THE COURT:

Nina Y. Wang
United States District Judge