IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02703-NYW-NRN

ALISHAN YAPOUJIAN,

Plaintiff,

v.

TYNSHA HOUSTON,

Defendant.

---

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S RENEWED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
(ECF No. 93)**

---

**N. REID NEUREITER
United States Magistrate Judge**

This 42 U.S.C. § 1983 prisoner[1] civil rights case is before the Court pursuant to an Order, ECF No. 94, issued by Judge Nina Y. Wang referring Plaintiff Alishan Yapoujian's Renewed Motion for Leave to File Amended Complaint ("Motion to Amend"), ECF No. 93. Defendant Tynysha Houston[2] filed a response. ECF No. 97. No reply was filed, and the Court heard argument on May 20, 2025. *See* ECF No. 98. Now, being fully informed and for the reasons discussed below, the Court **RECOMMENDS** that the Motion to Amend, ECF No. 93, be **DENIED**.

---

[1] The Court notes that Plaintiff is no longer incarcerated.
[2] The correct spelling of Ms. Houston first name is "Tynysha," not "Tynsha" as reflected in the court caption in this case.

**I.    BACKGROUND**

The Court has set forth the background of this case in two previous Reports and Recommendations ("R&R"), ECF Nos. 58 & 100, and will repeat it here only as necessary. Briefly, Plaintiff alleged that while he was in in the custody of the Colorado Department of Corrections ("CDOC"), six individuals—Nurse Delancey, Nurse Houston, Lieutenant John Doe, Security Sergeant John Doe, Security Correctional Officer John Doe 1, and Security Correctional Officer John Doe 2—were deliberately indifferent to a substantial risk of suicide in violation of the Eighth Amendment. *See generally* ECF Nos. 17, 21, 22, & 23. Plaintiff attempted suicide by cutting his arm with scissors on December 30, 2022, and he alleges these Defendants knew or should have known about this risk and done something to prevent it.

The case's procedural history is particularly relevant to the Court's analysis. Plaintiff filed this lawsuit on October 16, 2023. ECF No. 1. On November 9, 2023, Magistrate Judge Susan Prose ordered Plaintiff to file an amended complaint due to the numerous pleading deficiencies found in the original Prisoner Complaint, which was 44 single-spaced pages long and asserted claims against 27 CDOC employees. ECF No. 9.

Plaintiff filed a First Amended Prisoner Complaint on January 16, 2024. ECF No. 17. Judge Prose recommended only the § 1983 claim for an alleged violation of the Eighth Amendment survive initial screening. ECF No. 21. Judge Prose identified the relevant Defendants as follows:

- Nurse Wanna Delancey
- Nurse Tynysha Houston

2

- John Doe, identified as "an older white male and C.D.O.C. C.O. whom held the position of lieutenant at the A.C.C. [Arrowhead Correctional Center] on 12-29-2022 ("Lieutenant John Doe").

- John Doe, described by Plaintiff as "a heavyset white male and C.D.O.C. C.O. whom held the position of security sergeant at the A.C.C. on 12-29-2022" ("Security Sergeant John Doe").

- John Doe, identified as "a white male and C.D.O.C. C.O. whom held the position as security C.O at the A.C.C. on 12-29-2022" ("Security Correctional Officer John Doe 1").

- John Doe, identified as "a white male and C.D.O.C. C.O. whom held the position as security C.O. and was 'manning' the control tower at the A.C.C. on 12-29-2022" ("Security Correctional Officer John Doe 2").

*Id.* at 3–4.

Plaintiff objected to Judge Prose's recommendation, ECF No. 22, but Senior Judge Lewis T. Babcock adopted it in full on March 22, 2024, ECF No. 23. The case was eventually assigned to Judge Wang and the undersigned. ECF Nos. 24 & 47.

Ms. Delancey was served on April 10, 2024. ECF No. 36. On her behalf, the Colorado Attorney General moved to dismiss. ECF No. 41. The Court heard argument on July 15, 2024. At that hearing, Ms. Delancey's counsel agreed to provide Plaintiff with copies of any incident reports regarding the suicide attempt and any shift assignments listing the individuals who were on shift that evening so that Plaintiff could identify the unnamed John Doe Defendants ("Doe Defendants"). ECF No. 57.

3

Ultimately, the Court determined that Plaintiff failed to allege that Ms. Delancey had any subjective knowledge that Plaintiff was a substantial risk of suicide and therefore recommended that Ms. Delancey's motion be granted. ECF No. 58. Judge Wang agreed, and Plaintiff's claim against her was dismissed on November 15, 2024. ECF No. 67. In the same order, Judge Wang noted that Ms. Houston and Doe Defendants had not been served. She ordered the CDOC to provide the Court with Ms. Houston's last known address, and ordered Plaintiff to show cause on or before December 16, 2024 why the Doe Defendants should not be dismissed for failure to prosecute. *Id.* at 11–13.

After Ms. Houston was served on November 22, 2024, ECF No. 73, she moved to dismiss (also through the Colorado Attorney General) on substantially the same grounds as Ms. Delancey, ECF No. 76. Plaintiff did not file a response, and the Court recommended that the motion be granted. ECF No. 100. That R&R has not yet been ruled on.

Plaintiff did not respond to Judge Wang's Order to Show Cause by the December 16, 2024 deadline. On February 28, 2025, Judge Wang issued an Order Dismissing Doe Defendant, noting,

> Though this case has been pending for over one year, Plaintiff has still not identified the Doe Defendants. Moreover, Plaintiff's failure to respond to the Court's Order to Show Cause or otherwise attempt to maintain his claims against the Doe Defendants suggests to the Court that Plaintiff has no intention to proceed against the Doe Defendants in this action.

ECF No. 83 at 2.

On March 12, 2025, Plaintiff filed a Motion for Reconsideration of Dismissing Doe Defendants, ECF No. 85, and a Third Amended Complaint, ECF No. 86. Judge Wang denied the motion for reconsideration and ordered that the amended pleading be

4

stricken as procedurally improper under Fed. R. Civ. P. 15(a) and D.C.COLO.LCivR 15.1(a). ECF No. 87.

On March 26, 2025, Plaintiff again moved for reconsideration and for leave to file an amended complaint. ECF No. 89. Judge Wang denied both motions on April 2, 2025. ECF No. 91. She reiterated that

> if Plaintiff seeks leave to amend his operative pleading, he must (1) file a formal motion requesting leave (Fed. R. Civ. P. 15(a)(2)); (2) before filing the motion, confer in good faith with opposing counsel about the proposed amendment and inform the Court of opposing counsel's position on the motion (D.C.COLO.LCivR 7.1(a)); and (3) include a redlined version of his amended pleading alongside his motion (D.C.COLO.LCivR 15.1(b)). **Failure to comply with one or more of these requirements will result in the Court denying any further motions to amend without substantive consideration.**

*Id.* at 4.

Plaintiff filed the subject motion on April 23, 2025. The proposed Amended Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 ("Second Amended Complaint") identifies three of the Doe Defendants ("R. Shehorn," "C. Oiler," and "R. Crawford"), but also names Ms. Houston as a party, although it does not appear to make any allegations against her.

## II. LEGAL STANDARDS

### a. Pro Se Plaintiff

Plaintiff proceeds pro se. Accordingly, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002). As Judge Wang recognized,

5

> the Court cannot and does not act as [Plaintiff's] advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).
>
> Importantly, pro se litigants must "follow the same rules of procedure that govern other litigants," including the Federal Rules of Civil Procedure and the Local Civil Rules. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). This means that Plaintiff, regardless of his pro se status, must comply with the conferral requirements of Local Rule 7.1 and the amendment rules of Local Rule 15.1 and Federal Rule of Civil Procedure 15.

ECF No. 91 at 2–3.

### b. Rule 15

Rule 15(a)(2) of the Federal Rules of Civil Procedure states, in relevant part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Leave to amend shall be freely granted when justice so requires. *See, e.g., Bellairs v. Coors Brewing Co.*, 907 F. Supp. 1448, 1459 (D. Colo. 1995). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the court may exercise its discretion to deny a motion to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by previously allowed amendments, or futility of the amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

### III. ANALYSIS

Plaintiff's Motion to Amend should be denied on several grounds.

6

### a. Failure to Comply with the Local Rules or Orders of the Court.

First, Plaintiff has demonstrated an unwillingness or inability to comply with Court orders or follow the applicable rules of procedure. This failure cannot be excused by Plaintiff's pro se status.

Judge Wang explained to Plaintiff on two occasions that Local Rule 15.1 requires that a party "who files an amended pleading . . . shall file a separate notice of filing the amended pleading and shall attach as an exhibit a copy of the amended pleading which strikes through (e.g., ~~strikes through~~) the text to be deleted and underlines (e.g., underlines) the text to be added." *See* ECF Nos. 87 at 3; 91 at 4. Plaintiff was explicitly told that if he failed to comply with this requirement, leave to amend would be denied without substantive consideration. Plaintiff did not attach a redlined version of his Third Amended Complaint. Instead, he submitted a "Redlined Comparison of Second and Third Amended Complaints" that has eight sentences, each accompanied by either a plus sign (+) or a minus sign (-). ECF No. 93 at 3. It is impossible to discern what this is supposed to mean. For example, one of the sentences appears to identify individuals who are not named in the proposed amended pleading or any prior complaints. *See id.* at ¶ 7 ("[+] Despite repeated notifications, identified Defendants Officer Smith, Officer Jones, and Nurse Taylor failed to respond."). It certainly does not comply with D.C.COLO.LCivR 15.1(b) in letter or spirit. The Motion to Amend can be denied on this ground alone.

It is also unclear whether Plaintiff conferred with Ms. Houston's counsel prior to filing, as he was repeatedly told he was required to do pursuant to D.C.COLO.LCivR 7.1(a). *See* ECF Nos. 87 at 1–2; 91 at 3. Plaintiff states that he

7

> attempted in good faith to confer with opposing counsel via phone calls to the number given by opposing counsel, however, many times the plaintiff[] had received notices that council [sic] for opposing party was "resigning[]" so no longer did plaintiff no longer know who to contact. And was no longer receiving responses from opposing council [sic]. In fact, the last response the Plaintiff has received from opposing counsel was back in December of 2024.

ECF No. 93 at 2.

Defense counsel notes that she first entered her appearance on this case on behalf of Ms. Delancey on April 29, 2024, ECF No. 39, and she filed Ms. Houston's motion to dismiss on December 13, 2024, ECF No. 76. She states that her contact information, as reflected on the Court's docket, has remained the same throughout this period, and she has not received any calls, voicemails, or emails from Plaintiff about the subject Motion to Amend. ECF No. 97 at 8. In any event, Plaintiff's conferral certificate conspicuously does not describe his specific efforts to confer with opposing counsel regarding *this* motion. "Plaintiff's failure to comply with this rule, even after the recent advisement by the Court, provides a basis to deny his Motion to Amend." ECF No. 91 at 3 (citing *Otter Prods., LLC v. Big Birds, LLC*, No. 19-cv-00626-DME-KLM, 2021 WL 4439798, at *4 (D. Colo. Sept. 27, 2021)).

### b. Undue Prejudice

Ms. Houston would also be unduly prejudiced should Plaintiff be given leave to file his proposed Second Amended Complaint. The Court has recommended that Ms. Houston be dismissed as a party because Plaintiff has not alleged that she had the requisite mental state to satisfy the objective prong of a deliberate indifference claim, and the Court noted in its R&R that Plaintiff "acknowledged as much at the recent Status Conference and concedes that she should be dismissed as a party." ECF No. 100 at 3. Plaintiff did not file an objection to that R&R, yet his Third Amended Complaint

8

still names Ms. Houston as a party, despite not making any specific allegations against her. While Plaintiff stated at the Motion Hearing that he was not pursuing a claim against Ms. Houston, that is not reflected the proposed amended pleading, despite Judge Wang raising this issue in an earlier order. *See* ECF No. 91 at 3 ("[I]f Plaintiff intends to continue to pursue claims against Defendant Houston in any forthcoming motion to amend, he must include his claims against her in any proposed amended pleading."). Therefore, should amendment be granted, the R&R dismissing Ms. Houston would be moot, and she would have to file another motion to dismiss. This would be a waste of everyone's time.

### c. Undue Delay

Further, the Motion to Amend is untimely. The Court recognizes that "[l]ateness does not of itself justify the denial of the amendment," *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975), nor does Rule 15(a) "restrict a party's ability to amend its pleadings to a particular stage in the action." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (citing Fed. R. Civ. P. 15(a)); *see also Barrett v. Qual-Med, Inc.*, 153 F.R.D. 653, 655 (D. Colo. 1994) ("Although untimeliness alone may support a trial court's decision to deny a plaintiff's motion to amend, it is within the discretion of the trial court whether to grant such a motion."). Courts in the Tenth Circuit "focus[] primarily on the reasons for the delay," such that "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *Minter*, 451 F.3d at 1206 (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993).

Plaintiff has not offered any adequate explanation for the delay in naming the Doe Defendants. He primarily claims that he did not receive Judge Wang's show cause order requiring him to identify these individuals. Judge Wang has rejected this argument twice-over, and this Court has no authority to revisit it here.

Moreover, as noted above, the Court ordered the Colorado Attorney General to produce copies of any incident reports and any shift logs listing the individuals who were on shift the evening of the suicide attempt. Defense counsel states those records were produced in July 2024. Although counsel cites an exhibit that was not attached to the response, the Court notes that Plaintiff has not disputed that he received these documents and had them in his possession well before the December 2024 deadline set by Judge Wang for identifying the Doe Defendants. Rather, he appears to say that he "was monitoring[] and waiting for the developments and progression of the case as it regarded Defendants Houston and Delancey before [he] submitted his Amended Complaint." ECF No. 85. The Court cannot accept this excuse and finds that Plaintiff has unjustifiably delayed filing the Motion to Amend.

### d. Futility

Finally, the Motion to Amend should be denied as futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal . . . . The relevant standard in determining whether claims are futile is the same standard that is applied to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Dorough v. Am. Fam. Mut. Ins. Co.*, No. 15-cv-02388-MSK-KMT, 2016 WL 1426968, at *2 (D. Colo. Apr. 11, 2016).

The governing statute of limitations for § 1983 claims in Colorado is two years. *See* Colo. Rev. Stat. § 13-80-102(1)(g) ("All actions upon liability created by federal

statute where no period of limitation is provided in said federal statute" and "regardless of the theory upon which suit is brought . . . shall be commenced within two years."); *see also Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (applying Colo. Rev. Stat. § 13-80-102(1)(g) to § 1983 claims); *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("We have made clear that the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued."). Under federal law, "claims accrue and the statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004) (alterations, citation, and internal quotation marks omitted). Because the "injury" in a § 1983 action "is the violation of a constitutional right," a § 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (citations omitted); *see also Fogle*, 435 F.3d at 1258 (stating that a § 1983 claim "accrues when facts that would support a cause of action are or should be apparent").

Plaintiff alleges that Defendants violated his Eighth Amendment rights on December 29, 2022, when they failed to take any measures after Plaintiff expressed suicidal ideation. He attempted suicide the next day. Thus, his claim accrued, at the latest, on December 30, 2022, and the presumptive statute of limitations expired on December 30, 2024. However, Plaintiff did move to amend until March 2025, and he did not file the subject Motion to Amend until April 2025. Therefore, granting leave to amend would be futile because the claim Plaintiff desires to add would be barred by the statute of limitations. *See Mercer–Smith v. New Mexico Children, Youth & Families Dep't*, 416

11

F. App'x 704, 713 (10th Cir. 2011) (holding that it would be futile to allow amendment of a complaint when claims would be barred by the statute of limitations).

Nor does the proposed Second Amended Complaint relate back to the date of the original pleading under Rule 15(c), which allows relation back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). As Magistrate Judge Kathleen M. Tafoya explained,

> "It is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (quoting *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999)) (alteration omitted); *see also Martinez v. Gabriel*, No. 10-cv-02079-CMA-MJW, 2012 WL 1719767, at *2 (D. Colo. May 15, 2012) ("Filing a complaint against nameless defendants is not a mechanism by which the plaintiff receives extra time to discover the John Doe identities."). The Federal Rules of Civil Procedure allow an amendment changing the name of a party to "relate back to the original complaint," only if the change is the result of a "formal defect," such as "a misnomer or misidentification." *Garrett*, 362 F.3d at 696-97 (citing Fed. R. Civ. P. 15(c)(3), advisory committee notes to 1991 amendment); *see* Fed. R. Civ. P. 15(c)(1)(C)(ii). Here, there are no facts to suggest that Plaintiff's failure to name "John/Jane Doe, BVCF Medical Appt. Scheduler" in his initial pleading was for any reason other than his lack of knowledge as to that individual's identity. "As a matter of law, a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of Rule 15(c)(3)(B)." *Garrett*, 362 F.3d at 696 ("A plaintiff's designation of an unknown defendant as 'John Doe' in the original complaint is not a formal defect of the type Rule 15(c)(3) was meant to address."); *see also Hughes v. Colo. Dep't of Corrs*, 594 F. Supp. 2d 1226, 1237 (D. Colo. 2009) ("replacing an unknown defendant on the basis of new information is not a 'mistake concerning the proper party's identity' "). Thus, Mr. Thompson cannot avoid the statute of limitations bar, simply by later replacing "John/Jane Doe, BVCF Medical Appt. Scheduler" with a specifically named defendant. *Garrett*, 362 F.3d at 696-97; *see Bell v. City of Topeka, Kan.*, 279 F. App'x 689, 692 (10th Cir. 2008) (affirming the denial of a motion to amend to substitute a named defendant for an unnamed "John Doe," where "there was no mistake concerning the identity of the original officers in th[e] case"); *Mwangi v. Norman*, No. 16-cv-00002-CMA-NYW, 2016 WL 7223270, at *6 (D. Colo. Dec. 13, 2016) (holding that a

12

> plaintiff's attempted substitution of "Officer Talty" for "Deputy X" did not relate back to the date of the original complaint, where the plaintiff "d[id] not contend that he believed an officer other than Talty (or Deputy X) was liable for the alleged violations, he simply was unable to identify Deputy X as Officer Talty before April 2016").

*Thompson v. Williams*, No. 21-cv-00602-RM-KMT, 2021 WL 4748663, at *4 (D. Colo. Oct. 12, 2021).

Here, Plaintiff's failure to the Doe Defendants in his initial pleadings was plainly due to his lack of knowledge of those individuals' identities. *See* ECF No. 42 (May 8, 2-24 motion requesting "John Doe discovery"). As a matter of law, this is not a "mistake concerning the identity of the proper party" within the meaning of Rule 15(c). Accordingly, Plaintiff's attempt to substitute the newly named Defendants for original Doe Defendants amounts to adding new parties and does not relate back.

## IV.  CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that the Renewed Motion for Leave to File Amended Complaint, ECF No. 93, be **DENIED.**

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo.***

*Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996).

Dated at Denver, Colorado this 13th day of August, 2025.

N. Reid Neureiter
United States Magistrate Judge

14