**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 23-cv-02703-NYW-NRN

ALISHAN YAPOUJIAN,

      Plaintiff,

v.

TYNYSHA HOUSTON,

      Defendant.

---

### ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATIONS

---

This matter is before the Court on the Report and Recommendation on Defendant Houston's Motion to Dismiss Plaintiff's Amended Complaint (the "May Recommendation"), [Doc. 100], and the Report and Recommendation on Plaintiff's Renewed Motion for Leave to File Amended Complaint (the "August Recommendation"), [Doc. 102]. Both Recommendations were issued by the Honorable N. Reid Neureiter.

Plaintiff Alishan Yapoujian ("Plaintiff" or "Mr. Yapoujian") initiated this civil rights action on October 16, 2023. [Doc. 1]. After the conclusion of the initial screening process under 28 U.S.C. § 1915(e)(2)(B), Plaintiff's sole remaining claim was an Eighth Amendment deliberate indifference claim. *See* [Doc. 21; Doc. 23]. On November 15, 2024, this Court granted former Defendant Wanna Delancey's motion to dismiss. [Doc. 67]. And on February 28, 2025, this Court dismissed the unnamed Doe Defendants for failure to prosecute. [Doc. 83].[1] After those rulings, Defendant Tynysha Houston

---

[1] Prior to dismissing the Doe Defendants, the Court issued an Order to Show Cause

remained the sole Defendant in this case.

On December 13, 2024, Defendant Houston filed a Motion to Dismiss Plaintiff's Amended Complaint (the "Motion to Dismiss").  [Doc. 76].  Plaintiff did not file a response to the Motion to Dismiss.  Instead, months later, he attempted to file an amended pleading, *see* [Doc. 86], which this Court struck as procedurally improper, *see* [Doc. 87].  Specifically, the Court explained to Plaintiff that if he wished to amend his pleading, he was required to (1) file a motion or obtain the opposing party's written consent or leave from the Court; and (2) submit a redlined version of his proposed amended pleading alongside any motion.  [*Id.* at 2–3].  On March 26, 2025, Plaintiff filed a Motion for Leave to File Amended Complaint (the "First Motion to Amend").  [Doc. 90].  However, the Court denied Plaintiff's First Motion to Amend because it failed to comply with the Local Rules— namely, Plaintiff did not confer with opposing counsel prior to filing his First Motion to Amend and the First Motion to Amend did not include a redlined version of his proposed amended pleading.  [Doc. 91 at 3–4].  The Court again listed for Plaintiff the substantive requirements for a motion to amend and instructed Plaintiff that the "[f]ailure to comply with one or more of these requirements will result in the Court denying any further motions to amend without substantive consideration."  [*Id.* at 4 (emphasis omitted)].  Plaintiff filed a Renewed Motion for Leave to File Amended Complaint (the "Motion to Amend") on April 23, 2025.  [Doc. 93].

In the May Recommendation, Judge Neureiter recommends that the Motion to Dismiss be granted, noting that Mr. Yapoujian represented at a Status Conference that

---

directing Plaintiff to show cause why the Doe Defendants should not be dismissed.  [Doc. 67].  Plaintiff did not respond to the Order to Show Cause.  *See* [Doc. 83 at 1].

he did not object to Ms. Houston's dismissal from the case. [Doc. 100 at 1–3]. In the August Recommendation, Judge Neureiter recommends that the Motion to Amend be denied. [Doc. 102 at 1]. Judge Neureiter observes that Plaintiff's Motion to Amend still fails to comply with the Local Rules, despite this Court's clear admonitions. *See* [*id.* at 7–8]. Judge Neureiter also finds that the Motion to Amend is untimely and that amendment would be futile. [*Id.* at 9–13].

The Recommendations state that objections to the Recommendation must be filed within fourteen days after their service on the Parties. [Doc. 100 at 3; Doc. 102 at 13–14]; *see also* 28 U.S.C. § 636(b)(1)(C). The May Recommendation was served on May 20, 2025, [Doc. 100 at 3; Doc. 101], and the August Recommendation was served on August 13, 2025, [Doc. 102 at 14; Doc. 103]. No Party has objected to either Recommendation, and the time to do so has elapsed.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendations to satisfy itself that there is "no clear error on the face of the record."[2] Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Based on this review, the Court has concluded that the Recommendations are thorough, well-reasoned,

---

[2] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

and a correct application of the facts and the law.

Accordingly, it is **ORDERED** that:

(1)    The Report and Recommendation on Defendant Houston's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 100] is **ADOPTED**;

(2)    The Report and Recommendation on Plaintiff's Renewed Motion for Leave to File Amended Complaint [Doc. 102] is **ADOPTED**;

(3)    Defendant Houston's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 76] is **GRANTED**;

(4)    Plaintiff's claims against Defendant Houston are **DISMISSED**;

(5)    Plaintiff's Renewed Motion for Leave to File Amended Complaint [Doc. 93] is **DENIED**;

(6)    Defendants are entitled to their costs under D.C.COLO.LCivR 54.1;

(7)    The Clerk of Court is directed to close this case; and

(8)    The Clerk of Court shall mail a copy of this Order to:

> Alishan Yapoujian
> 2079 N. 75th Street
> Boulder, CO 80301

DATED:  September 10, 2025          BY THE COURT:

Nina Y. Wang
United States District Judge